IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KILEY GRANT                                                                                    PLAINTIFF

v.                          Civil No. 4:09-cv-04044

MILLER COUNTY, ARKANSAS;
MILLER COUNTY JAIL;
RETIRED SHERIFF LINDA RAMBO;
SHERIFF RONALD STOVALL;
FORMER WARDEN JANICE
NICHOLSON; WARDEN NEFF;
FORMER NURSE TRINA OWENS;
NURSE MELODY NELLIE THOMAS;
and MAJOR TURNER                                                                            DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Kiley Grant (hereinafter Grant), filed this action pursuant to the provisions of 42 U.S.C. § 1983 on May 7, 2009. He proceeds *pro se.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

With the complaint, Grant submitted an application to proceed *in forma pauperis* (IFP). However, the certification regarding inmate funds held in his name while it was filled out, was not dated or signed by an authorized official at the Miller County Correctional Facility, the facility he was detained at when Grant completed the IFP application. Grant is now incarcerated at the Grimes Unit of the Arkansas Department of Correction.

For this reason, an order was entered on May 7, 2009, directing the clerk to mail Grant a blank IFP application (Doc. 3). Grant was given until May 29, 2009, to fill out the IFP application including having the certificate portion of the IFP application completed by the appropriate official at the Grimes

Unit and return the application to this court for review and filing or pay the $350 filing fee. Grant was advised that if he failed to return the completed IFP application or pay the $350 filing fee by May 29, 2009, the complaint would become subject to summary dismissal for failure to obey an order of the court.

To date, Grant has not returned the IFP application or paid the filing fee. Grant has not sought an extension of time to provide the court with the IFP application or filing fee.

I therefore recommend that this case be dismissed based on Grant's failure to comply with the order of the court. Fed. R. Civ. P. 41(b). **Grant has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Grant is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of August 2009.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE